## SAMUEL SPRINGER *vs.* JOSEPH WHIPPLE.

The attorney of record, acting in a suit, has no power as such to release the liability of a witness to pay a part of the costs of the suit.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Assumpsit on a note of hand. The facts in the case sufficiently appear in the opinion of the Court. The verdict was for the plaintiff, and the exceptions were filed by the defendant.

The argument was in writing.

*Washburn,* for the defendant, argued, 1. That the witness was interested, and not competent, unless the interest was discharged by the release. And 2. That the attorney had no right, by virtue of his general character as an attorney, to release an interest of this description. 13 *Mass. R.* 319; *Lewis* v. *Gamage,* 1 *Pick.* 357; 10 *Johns. R.* 220; 6 *Johns. R.* 51; 11 *Johns. R.* 464; 7 *Johns. R.* 557 ; *Adams* v. *Gould,* 8 *Greenl.* 438.

*Wilson,* for the plaintiff, contended, 1. That the witness had no interest. 2. That if he had, it was discharged by the release. *Fling* v. *Trafton,* 1 *Shepl.* 295.

Springer v. Whipple.

The opinion of the Court was by

EMERY J. — Objection was taken in the Court of Common Pleas to the admission of *Joseph Foss* as a witness, another having testified that "the plaintiff said he and *Foss* had each a note of fifty dollars ; that he, the plaintiff, had sued his; that he and *Foss* were equally interested, and *Foss* was not to sue his note till he saw how that came out."

This disclosure coming from the plaintiff, though of somewhat equivocal character, it was deemed important that a release should be made and executed by the plaintiff's attorney, *Nathaniel Wilson, Esq.*, to *Foss*, in order to qualify him for admission.

As it was not proved that *Mr. Wilson* had any authority to execute said release other than the authority, incident to an attorney employed to commence a suit at law, we are constrained to decide that such interest as the plaintiff confessed did exist between him and *Foss*, the proposed witness, was not removed by the act of the attorney. Such a course we think is not to be justified from the mere relation of client and attorney in this particular cause. The authority to release any collateral interest does not result from that relation. And as it would have a tendency to put the rights and interests of clients unnecessarily into the power of their attorneys, we cannot deem it an authority incident to *Mr. Wilson's* retainer and employment in this suit.

Whether there was other evidence, sufficient without the testimony of *Mr. Foss*, to warrant a recovery by the plaintiff, it becomes unnecessary to examine, because *Mr. Foss* was admitted to testify in relation to the representations made by the plaintiff and himself at and before the purchase of the bond, the sale of which was the consideration of the note, in relation to the timber on the land, and its effect on the minds of the jury, we cannot determine. It went to the very ground-work of the defence.

It is true that there are many acts, which may be done by the attorney, by which his employer may be bound. But this proceeding, in relation to attempts to qualify witnesses, by releases executed by the attorney, in the pressure of a trial, has received the consideration of the Court in the county of *York*, in the suit of *The President, Directors and Company of the York Bank* v. *Apple-*

*ton, ante, p.* 75 ; and such a release was held unavailing to remove the interest. There must be special authority given by the client to the attorney, to warrant him effectually to qualify the witness. The residue of the exceptions it becomes unnecessary to discuss, because for this reason, the exceptions must be sustained, the verdict set aside, and a new trial granted.